**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

---

**DEBRA WANZO,**

                    **Plaintiff,**

                    **v.**

**COMMISSIONER OF SOCIAL SECURITY,**

                    **Defendant.**

**No. 3:05-CV-1521 (GLS/GJD)**

---

| **APPEARANCES:** | **OF COUNSEL:** |
|---|---|
| **FOR THE PLAINTIFF:** | |
| Office of Jonathan P. Foster<br>407 South Main Street<br>Athens, PA 18810 | JONATHAN P. FOSTER, ESQ. |
| **FOR THE DEFENDANT:** | |
| Hon. Glenn T. Suddaby<br>United States Attorney<br>100 South Clinton Street<br>Syracuse, New York 13261-7198 | WILLIAM H. PEASE<br>Assistant United States Attorney |

**Gary L. Sharpe**
**U.S. District Judge**

## MEMORANDUM-DECISION AND ORDER

### I. Introduction

Pursuant to 42 U.S.C. § 405(g), Debra Wanzo ("Wanzo") challenges

the denial of disability benefits by the Commissioner of Social Security. Pending are Wanzo's objections to Chief Magistrate Judge Gustave J. DiBianco's Report-Recommendation. (See Dkt. No. 12.) Upon careful consideration of the arguments, the relevant parts of the record, and the applicable law, the court adopts the Report-Recommendation in its entirety.[1]

## II. Procedural History

Wanzo filed for disability benefits in December 2003, alleging disability as of October 22, 2003. (Tr. 19.) Her application was denied, and a hearing was conducted by an Administrative Law Judge ("ALJ"). On July 25, 2005, the ALJ issued a decision denying benefits, and that decision became the Commissioner's final determination. (Tr. 16-28.)

Wanzo filed a complaint in the Northern District of New York challenging the Commissioner's denial of benefits. (See Dkt. No. 1.) On May 2, 2008, Judge DiBianco issued a report recommending affirmance of the Commissioner's decision. (See Dkt. No. 12.) On May 15th Wanzo filed her objections. (See Dkt. No. 13.)

---

[1] The Clerk is directed to append Judge DiBianco's Report-Recommendation to this decision, and familiarity is presumed. (See Dkt. No. 12.)

2

### III.  Discussion[2]

### A.  Standard of Review

By statute and rule, district courts are authorized to refer social security petitions to Magistrate Judges for proposed findings and recommendations regarding disposition.  *See* 28 U.S.C. § 636(b)(1)(A) & (B); N.D.N.Y. R. 40.1, 72.3(d); General Order #18.

When a report and recommendation is filed, the parties have ten (10) days from receipt of the report to file specific, written objections to proposed findings and recommendations, and ten (10) days from the receipt of adversary objections to file responses.  *See* 28 U.S.C. § 636(b)(1)(C); F<small>ED</small>. R. C<small>IV</small>. P. 72(b); N.D.N.Y. R. 72.1(c).  The local rules further require that the objections must specify the findings and recommendations which are the subject of the objections, and the substantive basis for these objections.  *See* N.D.N.Y. R. 72.1(c).  The district court must review *de novo* those portions of the Magistrate Judge's findings and recommendations that have been properly preserved by compliance with the specificity requirement.  *See* 28 U.S.C. § 636(b)(1)(C);

---

[2] The court adopts the factual summary in Judge DiBianco's Report-Recommendation. (See Dkt. No. 12.)

F̲ED̲. R. C̲IV̲. P. 72(b); N.D.N.Y. R. 72.1(c).  "*De novo* review requires that the court give fresh consideration to those issues to which specific objections have been made.  It will examine the entire record, and make an independent assessment of the magistrate judge's factual and legal conclusions."  *See Almonte v. New York State Div. of Parole*, No. 04-CV-484, 2006 WL 149049, at *5 (N.D.N.Y. Jan. 18, 2006) (citation and internal quotation marks omitted).

If a party fails to object in a timely manner, it procedurally defaults and is not entitled to judicial review.  *See id.* at *3 .  Although failure to object or timely object constitutes procedural default, lack of specificity also gives rise to default.  *See id.* at *4.  The local rule requires that objections address specific findings and conclusions.  *See id.*  Therefore, a party that limits its specific objections to a part of a report's findings or recommendations procedurally defaults as to the remainder.  *See id.*  Frivolous or conclusory objections also fail to satisfy the specificity requirement.  *See id.*  Furthermore, mere resubmission of the same papers and arguments as submitted to the magistrate judge fails to comply with the specificity requirement and also results in default.  *See id.*

While a procedural default dissolves a party's right to judicial review,

4

courts may nevertheless elect to conduct such a review.  *Id.* at *5.  This court has consistently done so under "a 'clearly erroneous' standard, and defines that phrase as follows: a report is clearly erroneous if the court determines that there is a mistake of fact or law which is obvious and affects substantial rights."  *Id.* at *6.  "Furthermore, the court will routinely identify issues which have been procedurally defaulted, and articulate the standard of review applied to all issues."  *Id.*

### B.     Objections

Wanzo proffers several specific objections to Judge DiBianco's report.  The court applies a *de novo* standard of review to such objections and reviews the remainder of the proceedings below for clear error.

#### 1.     Treating Physician Rule

Wanzo first takes issue with the ALJ's failure to accord controlling weight to the opinion of her treating physician, Dr. Yaeger.  Specifically, Wanzo contends that the ALJ erred when he failed to defer to Dr. Yaeger's repeated indications from October 2003 to August 2004 that Wanzo was disabled due to neck pain and would be unable to work for periods ranging up to several months, and aggregating to more than a year.  (See Objections at 9-14; Dkt. No. 13.)  It is also generally contended that the

5

ALJ failed to give proper weight to the treating physicians' objective medical findings. *Id.* at 14.

Normally the commissioner is required to give controlling weight to a treating physician's *medical* opinions if they are supported by acceptable diagnostic techniques and are not inconsistent with other substantial evidence in the record. *See, e.g., Halloran v. Barnhart*, 362 F.3d 28, 32 (2d Cir. 2004). However, the "ultimate finding of whether a claimant is disabled and cannot work...[is] reserved to the Commissioner." *Snell v. Apfel*, 177 F.3d 128, 133 (2d Cir. 1999) (quotation marks and citation omitted). "That means that the Social Security Administration considers the data that physicians provide but draws its own conclusions as to whether those data indicate disability." *Id.* Thus, a treating physician's disability assessment is not determinative. *See id. See also* 20 C.F.R. § 404.1527(e).

In light of these legal principles, the court rejects Wanzo's principal argument that the ALJ's failure to accord Dr. Yaeger's opinions of disability controlling weight was error.[3]  *See* 20 C.F.R. § 404.1527(e). Beyond

---

[3]Because Dr. Yaeger's disability opinions were not entitled to or given any particular significance by the ALJ, it is unnecessary for the court to address the propriety of Judge DiBianco's conclusion that such opinions were intended to indicate only "temporary periods of inability to work." (R&R at 20; Dkt. No. 12.)

6

properly ignoring such disability opinions, it is clear that the ALJ gave proper weight to Dr. Yaeger's objective medical findings. The ALJ's decision clearly accepts Dr. Yaeger's assessments as to Wanzo's limitation in neck movement, and concedes that she suffers from some degree of pain. (Tr. 23-24.) Additionally, the State medical consultant reports relied on by the ALJ to formulate Wanzo's residual functional capacity ("RFC") were consistent with Dr. Yaeger's medical findings. (Tr. 23-25, 31-37, 201-24.) Thus Wanzo's objections under the treating physician rule are without merit.

### 2.     Credibility Determination

Wanzo next contends that the ALJ improperly discounted her subjective complaints of pain and other symptoms by failing to give proper consideration to: 1) her limited ability to perform daily activities and 2) her extended work history. (See Objections at 14-19; Dkt. No. 13.)

The Commissioner is obligated to evaluate all of a claimant's symptoms, "including pain, and the extent to which [those] symptoms can reasonably be accepted as consistent with the objective medical evidence and other evidence[.]..." 20 C.F.R. §§ 404.1529(a), 416.929(a). The ALJ must perform a two-step analysis. *See* 20 C.F.R. §§ 404.1529, 416.929;

7

*see also Crouch v. Comm'r, Soc. Sec. Admin.*, 6:01-CV-0899, 2003 WL 22145644, at *10 (N.D.N.Y. Sept. 11, 2003) (citation omitted). "First, the ALJ must determine, based upon the objective medical evidence, whether the impairments 'could reasonably be expected to produce the pain[4] or other symptoms alleged[.]...'" *Crouch*, 2003 WL 22145644, at *10 (citing 20 C.F.R. §§ 404.1529(a), 416.929(a)). "Second, if the medical evidence alone establishes the existence of such impairments, then the ALJ need only evaluate the intensity, persistence, and limiting effects of a claimant's symptoms to determine the extent to which it limits the claimant's capacity to work." *Id.* (citing 20 C.F.R. §§ 404.1529(c), 416.929(c)).

A plaintiff may suffer some degree of pain as a result of a condition. However, some pain does not automatically translate into disabling pain. *See Dumas v. Schweiker*, 712 F.2d 1545, 1552 (2d Cir. 1983) ("disability requires more than mere inability to work without pain"). Moreover, "[a]n individual's statement as to pain or other symptoms shall not alone be conclusive evidence [of disability]." *See* 42 U.S.C. § 423(d)(5)(A).

---

[4] The pain must be properly evaluated, considering the applicant's credibility and motivation as well as the medical evidence of impairment to reach an independent judgment concerning the true extent of the alleged pain, and the degree to which it hampers the applicant's ability to engage in substantial gainful employment. *See Marcus v. Califano*, 615 F.2d 23, 27 (2d Cir. 1979).

8

Where the alleged symptoms suggest that the impairment is greater than demonstrated by objective medical evidence, the ALJ will consider other factors. *See* 20 C.F.R. §§ 404.1529(c)(3), 416.929(c)(3); *see also* Social Security Ruling (SSR) 96-7p, 1996 WL 374186, at *4 (S.S.A. July 2, 1996). These factors include daily activities, the location, duration, frequency and intensity of symptoms, the type, effectiveness and side effects of medication, and other treatment or measures to relieve those symptoms. *See* 20 C.F.R. §§ 404.1529(c)(3), 416.929(c)(3). "The reasons for the credibility finding must be grounded in the evidence and articulated in the determination or decision." SSR 96-7p, 1996 WL 374186, at *4. Therefore,

> "[a]n [ALJ] may properly reject [subjective complaints]...after weighing the objective medical evidence in the record, the claimant's demeanor, and other indicia of credibility, but must set forth his or her reasons with sufficient specificity to enable [the courts] to decide whether the determination is supported by substantial evidence."

*Lewis v. Apfel*, 62 F. Supp. 2d 648, 651 (N.D.N.Y. 1999) (internal quotation marks and citation omitted); *see also Brandon v. Bowen*, 666 F. Supp. 604, 608 (S.D.N.Y. 1987).

The court first addresses Wanzo's objection to the ALJ's credibility determination insofar as she contends limitations in her daily activities were

9

not properly assessed. (See Objections at 16-19; Dkt. No. 13.) In finding Wanzo's subjective complaints were "not entirely credible," the ALJ noted, in part, that "the claimant testified that she does the dishes and laundry, as well as visits friends" and "watches television during the day." (Tr. 22.) While Wanzo contends that the ALJ failed to take into account her need for breaks and assistance in performing many of these activities, the court perceives no such defect. The ALJ specifically recognized and accepted that Wanzo "takes breaks when performing household chores, and requires some assistance from her oldest daughter and her husband." (Tr. 22.) Thus it is clear that the ALJ properly assessed Wanzo's daily activities.

The court also rejects Wanzo's contention that the ALJ failed to give appropriate weight to her extended, 21 year work history in his credibility determination. (See Objections at 14-16; Dkt. No. 13.) Contrary to Wanzo's contention, the ALJ did note that she had a "fairly stable work history" as a sewing machine tender, typist and waitress. (Tr. 20, 21, 25.) Additionally, while various courts have held that a claimant's extended employment record lends significant weight to her subjective complaints, *see Dobrowolsky v. Califano*, 606 F.2d 403, 409 (3d Cir. 1979), it is by no means a dispositive factor. "The ALJ, who observed plaintiff's demeanor,

10

had the discretion to evaluate plaintiff's credibility and to determine, in light of the evidence in the record, the true extent of any pain alleged by plaintiff.... The secretary was not obligated to accept plaintiff's subjective testimony without question." *Rosado v. Shalala*, 868 F. Supp. 471, 473 (E.D.N.Y. 1994) (citing *Serra v. Sullivan*, 762 F. Supp. 1030, 1034 (W.D.N.Y. 1991); *Misuraca v. Sec'y of Health and Human Servs.*, 562 F. Supp. 243, 245 (E.D.N.Y. 1983)). In light of the ALJ's observations here as to "the conservative nature of treatment required, minimal objective and clinical findings, and [Wanzo's] non compliance with physical therapy," circumscribed weight was properly accorded to her subjective complaints, despite her extended work history. (Tr. 22-24.) Accordingly, Wanzo's objections to the ALJ's credibility determination are without merit.

### 3.    Vocational Expert

In objecting to the ALJ's assessment of her daily activities, Wanzo also contends that "the ALJ failed to factor in the Plaintiff's need to take breaks in his [RFC] determination." The court addresses this argument separately here.

Where a claimant has both exertional and non-exertional limitations,

11

as in the present instance, the ALJ may not simply apply the Medical Vocational Guidelines to determine whether the clamant is disabled. See 20 C.F.R. § 404.1569a(d). Rather, the Guidelines are to be used as a framework in conjunction with other evidence, such as the testimony of a vocational expert, to guide the Commissioner's decision. *Id. See also Bapp v. Bowen*, 802 F.2d 601, 606 (2d Cir. 1986). Ultimately, the Commissioner may rely on the vocational expert's testimony regarding the existence of jobs that the claimant can perform in deciding whether disability exists. *See Butts v. Barnhart*, 388 F.3d 377, 384 (2d Cir. 2004). However, "there must be substantial record evidence to support the [RFC hypothetical] upon which the vocational expert based his or her opinion," else remand or reversal is appropriate. *Dumas*, 712 F.2d at 1553-54.

In the present instance, it is contended that the ALJ's RFC hypothetical to the vocational expert was inappropriate because it failed to indicate that Wanzo needed six or seven unscheduled ten minute breaks throughout the day. However, Wanzo has pointed the court to no evidence in the record suggesting that she needs breaks of such frequency or duration, beyond the fact that her attorney posited such a hypothetical to the vocational expert. Accordingly, as substantial evidence does not

12

support Wanzo's proffered hypothetical, it was properly excluded.  *See Dumas*, 712 F.2d at 1553-54.

## IV.  Conclusion

Having addressed Wanzo's specific objections de novo, and otherwise finding no clear error in the proceedings below, the court declines to disturb the Commissioner's decision.  As such, the court accepts and adopts the recommendation of Chief Magistrate Judge DiBianco in its entirety, for the reasons stated therein and above.

**WHEREFORE** it is hereby

**ORDERED** that the decision of the Commissioner is **AFFIRMED** and the complaint is **DISMISSED**; and it is further

**ORDERED** that the Clerk provide a copy of this Decision and Order to the parties.

**IT IS SO ORDERED.**

Albany, New York
Dated: August 20, 2008

*Gary L. Sharpe*
Gary L. Sharpe
U.S. District Judge

13